UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI BRADLEY, et al., <br> Plaintiffs, <br> v. <br> COUNTY OF SONOMA, et al., <br> Defendants. | Case No. 19-cv-07464-KAW <br><br> **ORDER DENYING MOTION TO DISMISS** <br> Re: Dkt. No. 19 |

Plaintiffs Randi Bradley and A.B. filed the instant suit against Defendants, asserting that Defendants violated their civil rights. (Compl. ¶ 1, Dkt. No. 1.) Pending before the Court is Defendants' motion to dismiss Plaintiff A.B.'s state law claims. (Defs.' Mot. to Dismiss, Dkt. No. 19.)

The Court deemed this matter suitable for resolution without oral argument and vacated the March 19, 2020 hearing. (Dkt. No. 28.) For the reasons set forth below, the Court DENIES Defendants' motion.

## I. BACKGROUND

Plaintiffs allege that in October 2018, Defendants failed to conduct a proper investigation as to alleged sex abuse, resulting in Defendants improperly removing Plaintiff A.B. from Plaintiff Bradley's home for twenty days. (*See* Compl. ¶ 8.)

On April 3, 2019, Plaintiff Bradley submitted a claim against Defendants. (Defs.' Request for Judicial Notice ("RJN"), Exh. A at 1, Dkt. No. 19-1.) The claim form listed Plaintiff Bradley as the claimant, and was signed by her attorney as: "Attorney for Claimant, Randi Bradley." (*Id.*) The claim form referred to and included an attachment, which described what occurred to both Plaintiff A.B. and Bradley. (*See id.* at 2-5.) The last paragraph of the attachment states: "Ms.

Bradley and A.B. have been traumatized by these events, and allege damages resulting from this interference with their rights to familial association, in excess of Limited Court Jurisdiction in the State of California (in excess of $25,000)." (*Id.* ¶ 24.)

On November 13, 2019, Plaintiffs filed the instant suit against Defendants, asserting 42 U.S.C. § 1983 claims for violations of Plaintiffs' Fourth and Fourteenth Amendment rights, as well as state claims for false imprisonment and intentional infliction of emotional distress. (*See* Compl. at 57-58.) On January 21, 2020, Defendants filed a motion to dismiss Plaintiff A.B.'s state claims, on the ground that the claim was not filed on Plaintiff A.B.'s behalf. (Defs.' Mot. to Dismiss at 3.) On February 18, 2020, Plaintiffs filed their opposition. (Pls.' Opp'n, Dkt. No. 25.) On February 25, 2020, Defendants filed their reply. (Defs.' Reply, Dkt. No. 26.)

## II. LEGAL STANDARD

### A. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250

F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Request for Judicial Notice

As a preliminary matter, Defendants ask that the Court take judicial notice of one document in support of their motion to dismiss. The document is a purportedly true and correct

copy of the April 3, 2019 claim form. (RJN at 3.)

Plaintiff does not oppose the request for judicial notice. The exhibit is a true and correct copy of an official public record, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court GRANTS Defendants' request for judicial notice.

**B.     Motion to Dismiss**

Defendants argue that Plaintiff A.B.'s state claims must be dismissed because the April 3, 2019 claim form does not identify her as a claimant. (Defs.' Mot. to Dismiss at 8.) Per the California Government Claims Act, "[t]he presentment of a claim to a public entity and its rejection are prerequisites to maintaining suit against the entity. Failure to comply with the mandatory requirements is fatal to the cause of action." *Nguyen v. L.A. Cty. Harbor/UCLA Med. Ctr.*, 8 Cal. App. 4th 729, 732 (1992). The purposes of this requirement are "to give notice to the municipality in order that it can be afforded a timely opportunity to investigate the claim and determine the facts; and to avoid unnecessary lawsuits by giving the municipality the opportunity to settle meritorious claims without going through an avoidable trial." *Lacy v. City of Monrovia*, 44 Cal. App. 3d 152, 155 (1974).

The Court finds that the April 3, 2019 claim adequately identifies Plaintiff A.B. as a claimant. In *Lacy*, the California Court of Appeal found that a claim submitted by Mr. Lacy was adequate to encompass the claims of his wife because it gave the public entity notice of her claim and damages. 44 Cal. App. 3d at 158. In his claim, Mr. Lacy described the general facts, including how the officers terrorized "me and my family" and that "my wife was exposed to the gaze of strange men." *Id.* at 154. The claim form also identified damages specific to Mrs. Lacy, including: "Damage for detention, humiliation and embarrassment and threat to my wife's life." *Id.* at 156. The California Court of Appeal found that such information was sufficient to "give[] respondent all the notice and knowledge it need[ed] concerning her claim." *Id.* at 155. Specifically, the public entity "not only had notice of the occurrence giving rise to the claim but also had the names of all persons seeking damages and the amount of damages claimed." *Id.* at 157. Thus, the purposes of the California Government Claims Act's presentment requirement

4

were accomplished.

Applying *Lacy*, the district court in *Kim v. City of Belmont* likewise declined to dismiss the state claims of other individuals even though only one person was formally listed as the claimant. 17-cv-2563-JST, 2018 WL 500269, at *10 (N.D. Cal. Jan. 22, 2018). There, the "Name of Claimant" was identified only as Andrew Kim, but the "General Description of the Injury, Damage, Loss, or Obligation" described events that affected Mr. Kim's wife, brother, and son. (*See* 17-cv-2563-JST, Dkt. No. 29-1.) The district court explained: "That Andrew is the only person formally listed as a complainant does not mean that the claims did not put the state Defendants on notice of the claims raised by this group of plaintiffs." *Kim*, 2018 WL 500269, at *10.

Such is the case here. Defendants focus solely on the first page of the claim form, which indeed does not identify Plaintiff A.B. (Defs.' Mot. to Dismiss at 8; Defs.' Reply at 5.) The attachment, however, does identify Plaintiff A.B. *and* her damages, specifically that "Ms. Bradley **and A.B.** have been traumatized by these events, and **allege** damages resulting from this interference with **their** rights to familial association . . . in excess of $25,000 . . . ." (Defs.' RJN, Exh. A ¶ 24 (emphasis added).) Such a statement makes clear that the claim was on behalf of Plaintiff A.B., and that she was claiming damages from the harm to her specific rights. Thus, as in *Lacy* and *Kim*, the claim is sufficient because it identifies the facts giving rise to the claim, the names of all persons seeking damages, and the damages claimed. *See Lacy*, 44 Cal. App. 3d at 157; *Kim*, 2018 WL 500269, at *10.

The cases cited by Defendants are distinguishable, as they did not give any notice that individuals other than the formally identified claimant were seeking damages. For example, in *Nguyen*, the claim only described damages suffered by the daughter during her hospital stay. 8 Cal. App. 4th at 732 n.1. While the claim form identified the parents, it did not describe any harm they had suffered. *Id.* Thus, the Court of Appeal affirmed the dismissal of their claims for negligent infliction of emotional distress. *Id.* at 732. Likewise, in *Nelson v. Cty. of L.A.*, the plaintiff filed a claim based on the death of her son, and described damages including "'the loss of a son' (with no mention of any damage incurred by [her son] before his death) . . . ." 113 Cal.

App. 4th 783, 797 (2003). The Court of Appeal affirmed the dismissal of any claims by the son's estate, explaining that "there is nothing in Mrs. Nelson's claim to suggest it was filed in anything other than her individual capacity." *Id.*

In contrast, again, the April 3, 2019 claim does identify and seek damages for harm suffered specifically by Plaintiff A.B., *i.e.*, the interference of her right to familial association. Thus, Plaintiff A.B.'s claim presentation requirement under the Government Claims Act has been met.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: March 23, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge