UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI BRADLEY, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>COUNTY OF SONOMA, et al.,<br><br>   Defendants. | Case No. 19-cv-07464-KAW<br><br>**ORDER GRANTING MOTION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 73 |

Plaintiffs Randi Bradley and A.B. filed the instant case against Defendants, asserting that Defendants violated Plaintiffs' constitutional rights when they separated Plaintiffs. (*See* First Amended Compl. ("FAC") ¶ 8, Dkt. No. 66.) Pending before the Court is Plaintiffs' motion to approve a minor's compromise. (Pl.'s Mot. to Approve, Dkt. No. 73.) No oppositions were filed.

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having considered Plaintiffs' motion and supplemental brief, as well as the relevant legal authority, the Court GRANTS the motion to approve.

## I.   BACKGROUND

Plaintiff Bradley obtained guardianship of Plaintiff A.B. in May 2008 and adopted Plaintiff A.B. in December 2016. (FAC ¶¶ 49-50.) In October 2018, Defendants began investigating Plaintiffs after being informed that Plaintiff Bradley's ex-husband, Brian Brown, had made a sexually explicit video in 2017. (FAC ¶¶ 74, 77, 84, 86.) Mr. Brown is a registered sex offender for indecent exposure in 2006; the incident did not involve children. (FAC ¶ 93.) In the video, Mr. Brown used the name of the woman he had an online sexual relationship with, which was the same given name as Plaintiff A.B. (FAC ¶¶ 79, 83.)

During the investigation, social worker Shannen Fraley interviewed A.B., who informed

Defendant Fraley that she had a good relationship with Mr. Brown, and that he had never acted inappropriately towards her. (FAC ¶¶ 113-18.) Defendant Fraley did not believe Plaintiff A.B. was hiding information or withholding. (FAC ¶ 122.) Defendant Fraley also met with Plaintiff Bradley, telling Plaintiff Bradley that she believed the video showed Mr. Brown's intent to sexually assault A.B. (FAC ¶ 135.) Plaintiffs assert that Defendant Fraley was upset and in disbelief that Plaintiff Bradley did not come to the same conclusion, which surprised Plaintiff Bradley because she knew Defendant Fraley had already spoken to Plaintiff A.B. (FAC ¶¶ 138-145.) Regardless, Plaintiff Bradley agreed to sign a safety plan stating that Mr. Brown would not be around the house or Plaintiff A.B. during the investigation. (FAC ¶¶ 146-47.) Defendants did not interview Mr. Brown. (FAC ¶ 161.)

Defendants decided to remove Plaintiff A.B. from Plaintiff Bradley's home. (FAC ¶ 152.) Plaintiffs assert that Defendants' declaration in support of the removal included significant misrepresentations and omissions. (FAC ¶ 154.) A judge granted the removal order, and Plaintiff A.B. was removed that evening. (FAC ¶ 167.) Plaintiff A.B. asked to stay with family friends but was required to stay at a children's home that night. (FAC ¶¶ 184-85.) The following day, Plaintiff was placed with the family friend. (FAC ¶ 204.) Plaintiffs were separated for twenty days before the case was dropped. (FAC ¶¶ 8, 257.)

Plaintiffs then filed the instant case against Defendants. The parties then reached a settlement in the amount of $400,000, with Plaintiff Bradley receiving $150,000 and Plaintiff A.B. receiving $50,000 after attorney's fees and costs (50% of the settlement per the retainer agreement). (Powell Decl. ¶¶ 7, 10, Dkt. No. 73-1.) Of Plaintiff A.B.'s share, $15,000 will be placed in a blocked savings account which she will be unable to access until she reaches 18 years of age. The remaining $35,000 will be used to purchase a structured settlement annuity. (Powell Decl. ¶ 7.) The distribution was based on consultations with an annuity consultant and certified financial planner, taking into account current interest rates. (Powell Decl. ¶ 9.)

## II.   LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

(9th Cir. 2011). "[T]his special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (internal quotation omitted). Thus, the district court considers whether the settlement, including any net recovery, "is fair and reasonable as to each minor plaintiff." *Id.* at 1182. In making this determination, the district court should consider "the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.*

### III. DISCUSSION

The Court finds that the proposed $50,000 settlement of Plaintiff A.B.'s claims is fair and reasonable. In assessing the merits of the case, Plaintiffs' counsel acknowledges the risks given Mr. Brown's history and the deference given to government actors such as social workers. (Supp. Brief at 5-6, Dkt. No. 75.) Further, Plaintiffs' counsel explains that Plaintiffs, who love Mr. Brown, would have struggled going through a trial that would challenge Mr. Brown's character. (*Id.*)

Further, the settlement amount appears reasonable. Plaintiffs' counsel explains that Plaintiff A.B. was thirteen at the time of the removal, has high emotional maturity, and had previously stayed at the children's home, such that the separation did not cause long-lasting injuries. (Supp. Brief at 6.) Except for the one night at the children's home, Plaintiff A.B. stayed with a family friend who had helped raise her, and her separation from Plaintiff Bradley was relatively short. (*Id.* at 4, 6.) Additionally, Plaintiffs obtained non-monetary relief, including new training requirements for Sonoma County social workers working in Emergency Response, which Plaintiffs value and hope will help avoid other unnecessary separations. (*Id.* at 6-7, 9.)

Finally, the settlement is comparable to recovery in similar cases. (*See Olvera v. Cty. of Sacramento*, Case No. 10-cv-550-WBS, 2014 WL 4365144 (E.D. Cal. May 19, 2014) ($600,000 total settlement, with $15,000 each to six minor plaintiffs and $66,969 to a seventh minor plaintiff where minors were required to attend removal proceedings twelve times over two months and were told to arrive with their belongings in the event they were removed); *Mann v. Cty. of San Diego*, Case No. 11-cv-708-GPC, 2016 WL 9115549 (S.D. Cal. Aug. 2, 2016) ($750,000 total settlement where four minor children were removed for three months and subjected to intrusive

3

1  physical examinations); Supp. Brief at 14-17 ($800,000 total settlement where children were
2  removed for almost a year and a half).)

### IV.   CONCLUSION

Considering the risks as to liability, the value of Plaintiff A.B.'s claim, and comparable cases, the Court concludes that the settlement reflects a fair and reasonable compromise intended for Plaintiff A.B.'s benefit.  Accordingly, the Court GRANTS Plaintiffs' motion to approve the settlement.

IT IS SO ORDERED.

Dated: September 14, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4